JUNG v. RHODES ET AL.

(June 24, 1929. Opinion and Decree.)

W. Mc L. Fayssoux and P. M. Milner, of New Orleans, attorneys for plaintiff, appellee.

John C. Hollingsworth, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Joseph Lee Rhodes, one of the defendants, had undertaken the construction of certain houses, which construction work was being financed by plaintiff, Peter Jung.

Contemporaneously with the construction of the Jung houses, Rhodes was erecting other houses under a partnership agreement with Robert J. Perkins, the other defendant.

The material for the Jung houses was purchased by Rhodes, but was paid for by Jung.

Plaintiff alleges that Rhodes removed from the premises on which the Jung houses were being erected certain material valued at $1,232.25 and used this material in the construction of the Perkins houses, and that, inasmuch as he (plaintiff) had paid for this material, he is the furnisher of materials and, as such, is entitled to a lien on the Perkins houses. He asks for a personal judgment solidarily against both defendants and for a recognition of the alleged lien and privilege to which we have referred. Judgment in personam was rendered as prayed for against Rhodes, but the suit was dismissed as to Perkins, and recognition of the lien and privilege was refused and the recordation thereof ordered canceled and erased.

Rhodes, in his answer, prayed that the demand of plaintiff be rejected, and, in the alternative, that, if any judgment were rendered against him, a like judgment be rendered in his favor against Perkins.

Perkins denied the material allegations of plaintiff's petition, but, never having been served with a copy of the so-called call in warranty of Rhodes, made no answer thereto.

For the purpose of attempting to fix responsibility on Perkins, Rhodes assisted two building experts employed by plaintiff in identifying the building material which had been used in the construction of the Perkins houses. In doing this he established the amount of the claim of Jung against himself, and it is manifest from his testimony that he does not seriously dispute the correctness of the claim so far as he is concerned. In the brief of his counsel we notice that his liability is denied rather strenuously, but, in view of his own testimony, we think that the trial court was entirely correct in awarding plaintiff judgment against him.

His counsel contends that no personal judgment was asked for. A reading of the petition shows that he is in error in this.

So far as Perkins is concerned, we believe that the judgment of the trial court has become final. Jung, the plaintiff, has not appealed, nor do we notice any appeal by Rhodes from the judgment rejecting his prayer for a judgment in warranty against Perkins. Furthermore, we do not believe that his petition, never having been served on Perkins, had the effect of making Perkins a defendant in warranty. Therefore, since Perkins is no longer interested in the matter, by reason of the final judgment in his favor, from which no appeals have been taken, and since the judgment in favor of plaintiff and against Rhodes is manifestly correct, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed, at the cost of appellant.